HOLLY S. HANOVER, Esq.
California State Bar Number 177303
3132 Third Ave. #101
San Diego, CA 92103
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Jorge Payan Vizcarra

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HON. JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>JORGE PAYAN VIZCARRA<br>    Defendant. | CASE NO. 08cr0219-JLS<br>DATE: February 29, 2008<br>TIME: 1:30 p.m.<br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on the indictment and discovery received thus far in this case.

On February 7, 2007, at approximately 2:01 p.m., Agents say they saw Mr. Payan Vizcarra enter into the United States at the Calexico West Port of Entry driving a 2001 Ford 150 (BAMX/BM60313) and what they believed to be a "scout" vehicle, a 2005 Toyota Tacoma cross in the same lane approximately 2 minutes later.

At 2:05 p.m., agents saw the F-150 travel north on Highway 111, and agent Niebla identified Mr. Payan-Vizcarra as the driver and sole occupant of the vehicle. Agent Niebla also saw the Toyota Tacoma traveling closely behind, with Edgar Bobadilla driving and Carlos Garcia-Avilez as the passenger.

In Coachella, CA, area DEA agents observed Mr. Payan Vizcarra give possession of the F-150 to Mr. Garcia Aviles. Agents followed the

vehicle with Mr. Garcia Aviles as the driver to a house where it was parked inside a garage. Later, the truck pulled out of the garage, and after some additional time, a red vehicle pulled into the same garage. After the red vehicle left the garage, it was pulled over and two arrests were made, and approximately 7.5 kilograms of methamphetamine was seized from the red vehicle.

Mr. Payan was charges as being part of a conspiracy related to that methamphetamine. He is now in custody, pending the outcome of this case.

**II.**

**THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY**

Mr. Payan makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

*Mr. Payan Vizcarra may eventually also request a detailed list of specific items that may not yet have been produced, and is requesting that the government turn over and allow his counsel to view and inspect all items at the earliest possible date. He also specifically requests that the government retain, preserve and prevent from destruction, all methamphetamine seized in this case so that counsel may have the opportunity to re-test and re-weigh those substances. He also requests that any video surveillance or recorded conversations that took place in this alleged conspiracy be turned over.*

(1) <u>Mr. Payan Vizcarra's Statements</u>. The government must

disclose: (1) copies of any written or recorded statements made by Mr. Payan Vizcarra; (2) copies of any written record containing the substance of any statements made by Mr. Payan Vizcarra; and (3) the substance of any statements made by Mr. Payan Vizcarra which the government intends to use, for any purpose, at trial. **This includes any hand-written notes made by agents and any co-conspirator's or material witness alleged statements as well, as well as any video or audio recorded statements**. See Fed. R. Crim. P. 16(a)(1)(A).  Mr. Payan Vizcarra also specifically requests that the circumstances surrounding any alleged waiver of his right to counsel and right to remain silent be disclosed as well.

Statements of Others; the defense moves for an order directing the government to permit the defense to inspect and copy any statements of any co-defendant or co-conspirator, material witness, or confidential informant that the government intends to offer against defendant under Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

(A) Relevant written or recorded statements made by any co-defendant or claimed co-conspirator, indicted or unindicted, that are in the government's possession, custody, or control, or that through due diligence may become known to the government; and

(B) The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any co-defendant or claimed co-conspirator, indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government agent.

(2) Mr. Payan Vizcarra's Prior Record. Mr. Payan Vizcarra requests complete disclosure of his prior record if one exists. See Fed. R. Crim. P. 16(a)(1)(B).

(3) Documents and Tangible Objects. Mr. Payan Vizcarra requests the opportunity to inspect, copy, and photograph all documents and

tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him.  See Fed. R. Crim. P. 16(a)(1)(C).

(4) <u>Reports of Scientific Tests or Examinations</u>.  Mr. Payan Vizcarra requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial.  See Fed. R. Crim. P. 16(a)(1)(D).  Mr. Payan Vizcarra notes that no fingerprint analyses have been produced.  If such analyses exist, Mr. Payan Vizcarra requests a copy.

(5) <u>Expert Witnesses</u>.  Mr. Payan Vizcarra requests the name and qualifications of any person that the government intends to call as an expert witness.  See Fed. R. Crim. P. 16(a)(1)(E).  Mr. Payan Vizcarra requests written summaries describing the bases and reasons for the expert's opinions.  See id.  This request applies to any fingerprint and handwriting experts that the government intends to call.

(6) <u>Brady Material</u>.  Mr. Payan Vizcarra requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment.  See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Williams v. Taylor</u>, 120 S.Ct. 1479 (2000), <u>Strickler v. Greene</u>, 527 U.S. 263 (1999).

Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Payan Vizcarra requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  See <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

In addition, Mr. Payan Vizcarra requests any evidence tending to

show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or his testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic. ***This would specifically include any and all reports involving any investigations and grand jury testimony pertaining to the investigating and arresting agents or confidential sources in this case***.

(7) <u>Request for Preservation of Evidence</u>. Mr. Payan Vizcarra specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Payan Vizcarra requests such notice as soon as possible, in order to allow for adequate trial preparation.

(9) <u>Witness Addresses</u>. Mr. Payan Vizcarra requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10) <u>Jencks Act Material</u>. Mr. Payan Vizcarra requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. This production will avoid needless delays at pretrial hearings and at trial. ***This request includes any "rough" notes***

*taken by the agents in this case*; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). *This request also includes production of transcripts of the testimony of any witness before the grand jury. Counsel would like access to all witnesses' last known address so an attempt can be made to contact them.* See 18 U.S.C. § 3500(e)(3).

(11) <u>Residual Request</u>. Mr. Payan Vizcarra intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Payan Vizcarra requests that the government provide his and his attorney with the above-requested material sufficiently in advance of trial.

(12) <u>Government Examination of Law Enforcement Personnel Files</u> Mr. Payan Vizcarra requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses. Mr. Payan Vizcarra requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other conduct like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

The obligation to examine files arises by virtue of the defense making a demand for their review:  the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Payan Vizcarra prior to trial. Mr. Payan Vizcarra specifically requests that the prosecutor,

not the law enforcement officers, review the files in this case. The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

### III.

### THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

In order to properly present additional pretrial motions, Mr. Payan Vizcarra needs more information which may be provided through counsel's discovery request. As more information comes to light, additional substantive motions may be necessary. Accordingly, Mr. Payan Vizcarra requests that the Court permit his to file further motions before trial.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Payan Vizcarra respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated: February 14, 2008**

s/ *Holly S. Hanover*
Holly S. Hanover
Attorney for Mr. Payan Vizcarra
E-mail: Netlawyr@aol.com